NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| United States of America, and the State of New Jersey, ex. Rel. SUNIL K. GARG,<br><br>    Plaintiffs,<br><br>v.<br><br>Covanta Holding Corp., et. al.,<br><br>    Defendants. | Civil Action No.: 10-4036 (JLL)<br><br><br>OPINION |

**LINARES**, District Judge.

This matter comes before the Court by way of a Defendant's motions (1) to dismiss the complaint (D.E. 18) and (2) for sanctions pursuant to Federal Rule of Civil Procedure 11 (D.E. 27). The Court has considered the submissions of the parties in support of and in opposition to the present motion and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78.

**I.    BACKGROUND**

Sunil K. Garg (the "Relator") brought this action to recover damages and civil penalties on behalf of the United States of America arising from allegedly false statements and claims made jointly and severally by the defendants, in violation of the False Claims Act, 31 U.S.C. §§ 3729 et seq., as amended, to recover monies allegedly misappropriated by Covanta defendants from the public fisc. (Rel. Opp'n. Br. 1).[1] The Covanta defendants lease and operate the Union County Resource Recovery Facility ("Facility") which was built and owned by the Union County Utilities Authority ("UCUA"). Relator alleges fraudulent conduct by the Covanta defendants in their dealings with the UCUA which resulted in financial loss to the United States and the State of New Jersey.

---

[1] Relator also asserts a state law claim under the New Jersey False Claims Act.

By way of background, the UCUA funded the construction of the Facility through tax exempt bonds issued to the public. (Compl. ¶ 27)  Relator's complaint alleges that:

> UCUA is a federal and state financial grantee continuously receiving financial benefits from the government under federal and state tax expenditures, inherent in the federal and state tax-exempt bond financing relied on by UCUA to finance the construction of the Facility, incurred by the government.

(Compl. ¶ 14).

## II.     LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, ––– U.S. –––, ––––, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In determining the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[;] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949. Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). With this framework in mind, the Court turns now to Defendants' motions.

## III.    DISUSSSION

Under the False Claims Act, to survive a motion to dismiss, a plaintiff must plead that: (1) the defendant presented or caused to be presented to an agent of the United States a claim for payment; (2) the claim was false or fraudulent; and (3) the defendant knew the claim was false or fraudulent. Young-Montenay, Inc. v. United States, 15 F.3d 1040, 1043 (Fed.Cir.1994) (quoting Miller v. United States, 213 Ct. Cl. 59, 550 F.2d 17, 23 (1977)).  The FCA defines claim as "any request or demand, whether under a contract or otherwise, for money or property which is made to a contractor, grantee, or other recipient if the United States Government provides any portion of the money or property which is required or demanded, or if the Government will reimburse such contractor, grantee, or other recipient of any portion of the money or property which is required or demanded." 31 U.S.C. §§ 3729(c).  At its core, for there to be liability under Section 3729(a)(1), a defendant must have sought money from the federal government.  See United States ex rel. Quinn v. Omnicare Inc., 382 F.3d 432, 438 (3d Cir. 2004)(internal citations omitted).

With respect to Defendant's "claim for payment from a grantee," Relator's complaint alleges that:

> UCUA is a federal and state financial grantee continuously receiving financial benefits from the government under federal and state tax expenditures, inherent in the federal and state tax-exempt bond financing relied on by UCUA to finance the construction of the Facility, incurred by the government.

(Complaint, ¶ 14). Therefore, Relator's theory of the case turns on whether or not the taxes that the federal government does not collect as a result of the UCUA's bonds' tax exempt status serve as federal funds for purposes of the FCA. The Court finds Relator's contention that an entity is a grantee or recipient of federal monies by virtue of the fact that said entity is the beneficiary of a federal tax benefit too tenuous to support a theory that the UCUA is either a grantee or recipient of federal monies under the FCA.

Relator relies heavily on the following three cases to support his contention that beneficiaries of federal tax exemptions are grantees or recipients of federal monies for purposes of the FCA: Regan v. Taxations with Representation of Washington, 461 U.S. 540 (1983), Committee for Public Education & Religious Liberty v. Nyquist, 413 U.S. 756 (1973, and Mueller v. Allen, 463 U.S. 388 (1983). For the reasons that follow, the Court finds these inapplicable to the case at bar. First, in Regan – a non-FCA case – the Supreme Court noted in *dicta* that "tax exemptions . . . are a form of subsidy that is administered through the tax system." Id. at 544. The Supreme Court did not hold that the issuance of a tax-exempt bond creates a grantee or recipient of federal funds for purpose of the FCA.

Second, in Nyquist, 413 U.S. 756 (1973) the Supreme Court held that a New York law providing direct tuition grants and "tax benefits to parents of children in private school violation the Establishment Clause." 413 US. at 785-94. Although the Court stated that "there would appear to be little difference: between the direct tuition grants and the tax benefits", it did not find that the beneficiaries of tax exemptions or tax deduction is a federal funds grantee or recipient for purposes of the FCA.

Finally, in Mueller, yet another state law case decided under the Establishment Clause, the Supreme Court held that a state law allowing the deduction of certain educational expenses did not violate the Establishment Clause. As part of that ruling, the Supreme Court stated that benefits provided to parents under the law had "an economic effect comparable to that of aid given directly to the schools attended by their children." Id. at 399. The Supreme Court did not, however, find that a beneficiary of tax exemptions or tax deduction is a federal funds grantee or recipient for purposes of the FCA.

Here, the UCUA, at best, indirectly receives money by virtue of the fact that is does not pay taxes on the bonds. This does not present the classic arrangement creating a federal funds

grantee or recipient for purposes of the FCA.  Therefore, although the Court finds Relator's novel theory compelling, it is unwilling to accept same without binding authority.

       Turning now to Defendant's motion for Rule 11 sanctions, the Third Circuit has indicated that "[g]enerally, sanctions are prescribed 'only in the 'exceptional circumstance' where a claim or motion is patently unmeritorious or frivolous.'" Ford Motor Co. v. Summit Motor Prods., Inc., 930 F.2d 277, 289 (3d Cir.1991) (citing Doering v. Union County Bd. of Chosen Freeholders, 857 F.2d 191, 194 (3d Cir.1988)).  Although this Court ultimately dismissed Relator's complaint, the Court declines to impose Rule 11 sanctions given the complex, novel, and creative nature of Relator's theory.

### IV.     CONCLUSION

       Having failed to direct the Court to any binding authority holding that the beneficiary of a federal tax exemption is considered a grantee or recipient of federal monies for purpose of the FCA, the Court finds that Relator has failed to plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, ––– U.S. ––––, ––––, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  As such, Relator's complaint is dismissed with prejudice.[2]  The Court, however, declines to impose Rule 11 sanctions.

       An appropriate order will accompany this opinion.

                                                         /s/ Jose L. Linares       

Dated: August 4, 2011                                       United States District Judge

---

[2] To the extent that Plaintiff seeks to assert claims arising under state law, the Court declines to exercise supplemental jurisdiction over these claims because the deferral claim over which the Court has original jurisdiction is being dismissed.  28 U.S.C. § 1367(c)(3); Growth Horizons, Inc. v. Delaware County, PA., 383 F.2d 1277, 1284-5 (3d Cir. 1993).